**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan AREVALO–SANCHEZ, also known as Javier Cuevas–Karr, Defendant–Appellant.**

No. 06–40449
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 21, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Juan Arevalo–Sanchez appeals from his guilty plea conviction and sentence for illegal reentry after deportation and following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. Arevalo–San-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

chez's constitutional challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Arevalo–Sanchez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Arevalo–Sanchez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Arevalo–Sanchez contends that his 1993 and 1995 convictions for simple possession of a controlled substance should not have been treated as aggravated felonies for purposes of an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C). During the pendency of this case, the Supreme Court decided *Lopez v. Gonzales,* — U.S. —, 127 S.Ct. 625, 633, 166 L.Ed.2d 462 (2006), which held that a state offense meets the definition of a " 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." In the light of *Lopez,* Arevalo–Sanchez's argument has merit. *See United States v. Estrada–Mendoza,* 475 F.3d 258, 260–61 (5th Cir.2007). Arevalo–Sanchez's unopposed motion to remand his case for resentencing is GRANTED. Arevalo–Sanchez's conviction is AFFIRMED; Arevalo–Sanchez's sentence is VACATED and REMANDED for resentencing in accordance with *Lopez.* We express no opinion on the issue whether the § 2L1.2(b)(1)(C) enhancement was appropriate because Are-

valo–Sanchez's 1995 possession offense qualified as "recidivist possession." *See Lopez,* 127 S.Ct. at 630 n. 6; *United States v. Sanchez–Villalobos,* 412 F.3d 572, 576–77 (5th Cir.2005).